**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FILED
U.S. DISTRICT ....

2012 OCT 11 AM 10: 34

S.D. OF N.Y.....

---------------------------------------------------x

ELIZABETH FISCHER, an individual; on
behalf of herself and all others similarly
situated,

                             Plaintiffs,

              vs.

UNITED COLLECTION BUREAU, INC., an
Ohio Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                          Defendants.

---------------------------------------------------x

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

12 CV 7594

JUDGE BRICCETTI

## I. PRELIMINARY STATEMENT

1.    Plaintiff, ELIZABETH FISCHER ("Plaintiff" or "FISCHER"), on her own behalf and on behalf of the class she seeks to represent, brings this action for the illegal practices of the Defendant UNITED COLLECTION BUREAU, INC. ("Defendant" or "UNITED COLLECTION") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.    Plaintiff alleges that UNITED COLLECTION's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.    Such collection practices include, *inter alia*:

(a)    Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

(b)    Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

(c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt; and

(d)     Using a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11); and the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization, 15 U.S.C. § 1692e(14).

8.    The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.    FISCHER is a natural person.

10.    At all times relevant to this lawsuit, FISCHER was a citizen of, and resided in, the Village of Spring Valley, Rockland County, New York.

11.    UNITED COLLECTION maintains its principal business address at 5620 Southwyck Blvd., Suite 206, City of Toledo, Lucas County, Ohio.

12.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff

will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of UNITED COLLECTION that are the subject of this Complaint. Those Defendants personally control, and benefit from, the illegal acts, policies, and practices utilized by UNITED COLLECTION and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

14.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

16.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district, and because UNITED COLLECTION is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS REGARDING PLAINTIFF

17.     Sometime prior to June 26, 2012, Plaintiff allegedly incurred a financial obligation ("Fischer Obligation").

18.     The Fischer Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19.     UNITED COLLECTION collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

20.     UNITED COLLECTION is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21.     UNITED COLLECTION is one of the largest asset recovery agencies in the country and consistently one of the highest rated performers across products on its client scorecards.

22.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June 26, 2012, the creditor of the Fischer Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to UNITED COLLECTION for collection.

23.     Within the one year immediately preceding the filing of this complaint and as set forth *infra*, UNITED COLLECTION contacted Plaintiff via telephone on multiple occasions in an attempt to collect the alleged Fischer Obligation.

24.     Defendants contend that the Fischer Obligation is in default.

25.     The alleged Fischer Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27.     Throughout the one year period immediately preceding November 5, 2008, UNITED COLLECTION contacted millions of consumers and left scores of telephonic voice messages on each of their home and cellular telephone voicemail systems and/or answering devices in an attempt to collect various consumer debts ("Consumer Messages").

28.     Each of the Consumer Messages was a "communication" as defined by 15 U.S.C. § 1692a(2).

29.     Each of the Consumer Messages was left by persons employed as debt collectors by UNITED COLLECTION in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

30.     Each of the Consumer Messages uniformly failed to identify UNITED COLLECTION by its true company name as the caller.

31.     Each of the Consumer Messages uniformly failed to disclose that the communication was from a debt collector.

32.     Each of the Consumer Messages uniformly failed to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

33.     Each of the Consumer Messages uniformly failed to provide meaningful identification of UNITED COLLECTION's identity as the caller.

34.     At the time each consumer received the Consumer Messages, s/he did not know the identity of caller.

35.     At the time the consumers received the Consumer Messages, s/he did not know that the caller was a debt collector.

36.     At the time the consumers received the Consumer Messages, s/he did not understand that the call concerned the collection of a debt.

37.     On November 5, 2009, Joann Gravina and Anthony Felix, on behalf of other similarly situated consumers, filed a class action complaint against UNITED COLLECTION alleging that UNITED COLLECTION had a policy and practice of leaving telephonic voice messages for consumers, which failed to identify UNITED COLLECTION by its true company name as the caller, disclose that the caller was a debt collector, or disclose the purpose of the

-6-

telephone call, all of which constituted a violation of, *inter alia*, 15 U.S.C. §§ 1692d(6) and

1692e(11), and Cal. Civ. Code §§ 1788.11(b) and 1788.17 ("Gravina Class Action Lawsuit").

38.     The Gravina Class Action Lawsuit was filed in the United States District Court

for the Eastern District of New York, and was captioned as follows: *Joann Gravina, et al. v.*

*United Collection Bureau, Inc., et al.*, Case No. 2:09-cv-04816-LDW-AKT.

39.     The Gravina Class Action Lawsuit was ultimately resolved on behalf of a national

class, which received final approval, and which required UNITED COLLECTION to pay

$122,508.02 in class and individual damages and attorney's fees and costs.

40.     On November 9, 2010, the Honorable Leonard D. Wexler entered a Final Order in

the Gravina Class Action Lawsuit, which directed UNITED COLLECTION to make the above-

described payment of damages, and which **permanently enjoined** UNITED COLLECTION as

follows:

> "In all telephone voice messages left by [UNITED
> COLLECTION] for consumers on telephone answering devices,
> [UNITED COLLECTION] will use its best efforts to ensure that it
> meaningfully identifies itself by stating its company name as the
> caller, accurately stating the purpose or nature of the
> communication, and disclosing that the communication is from a
> debt collector."

41.     A conformed copy of the foregoing Final Order, which was entered in the Gravina

Class Action Lawsuit, is attached hereto as ***Exhibit A.***

42.     Since the entry of the Court's foregoing permanent injunction, and within the one

year immediately preceding the filing of this complaint, UNITED COLLECTION has continued

to leave millions of Consumer Messages in connection with its further attempts to collect

consumer debts from the Plaintiff and other similarly situated consumers, all of which, like the

other Consumer Messages, fail to identify UNITED COLLECTION by its true company name as

the caller, state the purpose or nature of the call, and disclose that the caller is a debt collector.

43.    Since the entry of the Court's foregoing permanent injunction, and within the one year immediately preceding the filing of this complaint, UNITED COLLECTION has also adopted a uniform business policy and practice of leaving these types of Consumer Messages for Plaintiff, and other similarly situated consumers, which deliberately fail to identify UNITED COLLECTION by its true company name as the caller, state the purpose or nature of the call, and disclose that the caller is a debt collector.

44.    Within the one year immediately preceding the filing of this complaint UNITED COLLECTION contacted Plaintiff on multiple occasions via telephone in an attempt to collect the Fischer Obligation.

45.    On multiple dates since at least June 26, 2012, UNITED COLLECTION left several telephonic voice messages for Plaintiff and with on her home telephone answering machine in an attempt to collect the Fischer Obligation ("Fischer Messages").

46.    By way of limited example, the following is a transcription of one such Fisher Message that UNITED COLLECTION left for Plaintiff on June 26, 2012, during the one year period immediately preceding the filing of this complaint:

> "I'm leaving a message for Elizabeth Fischer. I need Mrs. Fischer to please contact Sean Warren. I'm calling from UCB. Our number is 1-800-890-8738 and the extension is 63900. Thank you.

47.    By way of limited example, the following is a transcription of another such Fisher Message that UNITED COLLECTION left for Plaintiff on July 10, 2012, during the one year period immediately preceding the filing of this complaint:

> "Yes I was trying to reach, uh, Elizabeth Fischer. Uh..Elizabeth this is Sean Warren. Please give me a call. I'm calling from UCB in regards to reference number 541099. Our telephone number's area code 954-236-6000. My extension is 63900 and the office is open from 8am until 6pm Eastern Standard Time. Thank you.

48.     By way of limited example, the following is a transcription of another such Fisher Message that UNITED COLLECTION left for Plaintiff on August 7, 2012 during the one year period immediately preceding the filing of this complaint:

> "Hi this message is for Elizabeth Ann Fischer. If you know Elizabeth Ann Fischer please have Elizabeth contact Sydney Meggett at 800-890-8738 extension 63765. When you call me back please be sure to refer to and always use reference number 52541099. 52541099. The hours of operation are between 8am and 9pm Eastern Standard Time so please call me anytime within those hours so that I can immediately help you, and I will assist you. Thank you in advance for the return call. I'm looking forward to speaking with you. Have a nice day and I'll talk with you soon. Bye bye."

49.     By way of limited example, the following is a transcription of another such Fisher Message that UNITED COLLECTION left for Plaintiff on August 16, 2012, during the one year period immediately preceding the filing of this complaint:

> "Hi this message is for Elizabeth Ann Fischer. If you know Elizabeth Ann Fischer please have Elizabeth Ann Fischer contact Sydney Meggett at 800-890-8738 extension 63765 and when calling in please be sure to refer to and use the reference number 52541099. 52541099. The hours of operations are between 8am and 9pm Eastern Standard Time so please call me anytime within those hours. Thank you in advance, have a nice day. Good bye."

50.     The Fischer Messages and Consumer Messages are substantively identical.

51.     Each of the Fischer Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

52.     Each of the Fischer Messages was left by persons employed as debt collectors by UNITED COLLECTION in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

53.     Each of the Fischer Messages uniformly failed to identify UNITED COLLECTION by its true company name as the caller.

54.     Each of the Fischer Messages uniformly failed to disclose that the communication was from a debt collector.

55.     Each of the Fischer Messages uniformly failed to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

56.     Each of the Fischer Messages uniformly failed to provide meaningful identification of UNITED COLLECTION's identity as the caller.

57.     At the time Plaintiff received the Fischer Messages, she did not know the identity of caller.

58.     At the time Plaintiff received the Fischer Messages, she did not know that the caller was a debt collector.

59.     At the time Plaintiff received the Fischer Messages, she did not know that the call concerned the collection of a debt.

60.     The telephone number 954-236-6000 is answered by persons who are employed by UNITED COLLECTION as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

61.     The telephone number 800-890-8738 is answered by persons who are employed by UNITED COLLECTION as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

62.     The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Fischer Messages, and to ascertain the purpose underlying the Fischer Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by UNITED COLLECTION, and then provide that debt collector with personal information.

63.     UNITED COLLECTION intended that the Fischer Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Fischer Messages and speak with its debt collectors as the sole means of

obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Fischer Messages.

64.    Scores of federal court decisions -- including the 11th and 4th Circuit Courts of Appeal and all of the Districts Courts within the State of New York, including this one -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Fischer Messages, that the call is from a debt collector.

65.    At all times relevant to this action, UNITED COLLECTION was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Fischer Messages, that the call is from a debt collector.

66.    At all times relevant to this action, UNITED COLLECTION willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiff and similarly situated consumers, such as the Fischer Messages, that the call is from a debt collector.

67.    Scores of federal court decisions -- including the 11th and 4th Circuit Courts of Appeal and all of the Districts Courts within the State of New York, including this one -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Fischer Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

68.    At all times relevant to this action, UNITED COLLECTION was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Fischer Messages, by accurately stating its company name, stating the nature and/or purpose of the call, and disclosing that it is a debt collector.

69.     At all times relevant to this action, UNITED COLLECTION was aware of the permanent injunction entered by the Eastern District of New York in the Gravina Class Action Lawsuit, which explicitly required UNITED COLLECTION to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Fischer Messages, by accurately stating its true company name, stating the nature and/or purpose of the call, and disclosing that it is a debt collector.

70.     At all times relevant to this action, UNITED COLLECTION willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Fisher Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

71.     UNITED COLLECTION violated the express terms of the permanent injunction set forth in the Final Order, which was entered by the Eastern District of New York in the Gravina Class Action Lawsuit on November 9, 2010, and which is attached hereto as *Exhibit A*.

72.     UNITED COLLECTION's act of leaving the Fischer Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

73.     UNITED COLLECTION's act of leaving the Fischer Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

74.     The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that UNITED COLLECTION is a debt collector in a manner understandable to the least sophisticated consumer, UNITED COLLECTION has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further

communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

75.      It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

      (a)      Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

      (b)      Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

      (c)      Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt; and

      (d)      Using a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

76.      On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

77.      This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

78.      With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) for whom Defendant left a telephonic voice message, in the form of the Fischer Messages, (c) that did not identify Defendant by its true company name or state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning June 6, 2012, and ending 21 days after the service of this complaint.

79.     The identities of all class members are readily ascertainable from the records of UNITED COLLECTION and those companies and governmental entities on whose behalf it attempt to collects debts.

80.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

81.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), 1692e(11), and 1692e(14).

82.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

83.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

84.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

-14-

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Fischer Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), 1692e(11), and 1692e(14).

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

85.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct

for UNITED COLLECTION, which, on information and belief, collects debts throughout the United States of America.

86.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Fischer Messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), 1692e(11), and/or 1692e(14) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

87.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

88.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

89.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

90.    Defendant violated the FDCPA. Defendant's violations with respect to the Fischer Messages include, but are not limited to, the following:

(a)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b)     Placing telephone calls without providing meaningful disclosure of UNITED COLLECTION's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d)     Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. §§ 1692e and 1692e(10)

(e)     Failing to disclose in its initial communication with the consumer, when that communication is oral, that UNITED COLLECTION is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11);

(f)     Failing to disclose in all oral communications that UNITED COLLECTION is a debt collector in violation of 15 U.S.C. §1692e(11); and

(g)     Using a business, company, or organization name other than the true name of the debt collector's business, company, or organization in violation of 15 U.S.C. §1692e(14).

## VIII.  PRAYER FOR RELIEF

91.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously

set forth and defined above.

(ii)     An award of the maximum statutory damages for Plaintiff and the Plaintiff Class

pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)    Injunctive relief pursuant to this Court's prior order permanently enjoining

Defendant from engaging in the conduct complained of herein;

(iv)    Declaratory relief adjudging that Defendant's telephone messages, such as the

Fischer Messages, violate the FDCPA;

(v)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1692k(a)(3); and

(vi)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:       Uniondale, New York
             September 6, 2012

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
Email: bill@wfhlegal.com

*Attorneys for Plaintiff, Elizabeth Fischer, and
all others similarly situated.*